**In the Matter of Walter William ELBERS, Jr., Bankrupt.**

**Bankruptcy No. 79 B 2944.**

United States Bankruptcy Court, N. D. Illinois, E. D.

June 17, 1981.

Laurance Tyrone Jeffries, Chicago, Ill., for debtor.

Melanie Rovner Cohen, Chicago, Ill., for trustee.

Robert K. Downs, Oak Park, Ill., for Mrs. Pozniak, objecting creditor.

ORDER

RICHARD L. MERRICK, Bankruptcy Judge.

Although it is the opinion of this Court that Laurance Tyrone Jeffries (hereinafter "Jeffries") conducted himself improperly in the Bankruptcy Proceeding designated Walter William Elbers, Jr., 79 B 2944, it would appear that due to the pressing nature of its own calendar the Executive Committee of the District Court for the Northern District of Illinois at the present time would not hear a recommendation for the removal of a lawyer from the list of attorneys authorized to practice before it unless the conduct complained of consisted of contemptuous activity taking place in the courtroom. The conduct of Jeffries superficially was respectful in the courtroom, but the gravamen of any charge against him would be directed less at how he abused the Court but more at how he imposed upon the time of the Court and of opposing counsel and particularly in how he failed to represent the interest of his client.

Walter William Elbers, Jr., filed a petition in bankruptcy March 30, 1979. Because it appeared that Elbers held an equity in the homestead in which he resided with his second wife the Court appointed a trustee, Melanie Rovner Cohen. The principal debt was a judgment in favor of his first wife, Jeannette Pozniak, for unpaid child support. That judgment of $18,150 entered February 6, 1979 in the County Department, Domestic Relations Division of the Circuit Court of Cook County, Illinois, *Elbers v. Elbers*, No. 65 D 18094, represented accumulated child support arrearages and costs. The order also directed the payment of $1,500 in attorney's fees to Robert K. Downs, Mrs. Pozniak's attorney. In effect, that judgment was appealed twice to the Illinois Appellate Court and affirmed each time. The law which covered the dischargeability aspect of this case was the Bankruptcy Act of 1898, as amended Section 17(a) of which provides in pertinent part as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . .

(7) are for alimony due or to become due, or for a maintenance or support of wife or child . . ."

On August 24, 1979, Mrs. Pozniak filed a complaint objecting to the discharge of Elbers.

No less than 20 hearings were held with respect to the complaint and collateral aspects of it. Jeffries did not ever present a logical defense which was supportable as a question of law. He frequently stated that the boy with respect to whom the support award had been granted is now "emancipated", without specifying what he meant by the term. The term generally is taken to mean that the child in question has now reached the legal age of maturity at 18 and that continuing future payments are excused. Jeffries took the position that upon the attainment of emancipation all accumulated unpaid past installments are excused as well as future payments. When told that his position was contrary to all logic and would encourage non-payment of support during the several years preceding the child's attaining maturity, Jeffries countered that there was a West coast case supporting his position. He never did produce a citation, however.

The decree of the Circuit Court of Cook County incorporating the unpaid installments plus certain costs and fees into a judgment was appealed twice to the Illinois Appellate Court and affirmed both times. Jeffries cited *Brown v. Felsen*, 439 U.S. 925, 99 S.Ct. 307, 58 L.Ed.2d 317 (1978), as authority for the proposition that: a state court decree is not *res judicata* with respect to a dischargeability question before a Bankruptcy Court. In a certain context *Brown v. Felsen* has application. In the instant case the Cook County Circuit Court Divorce Division is the appropriate forum to determine whether under applicable Illinois law the unpaid support installments remain due and payable. That court having decided and having been affirmed, it would appear that there was no meritorious defense to the dischargeability complaint and that

Jeffries should have advised Elbers to that effect.

During the period that the instant proceeding was pending, Elbers did not make the current payments on the mortgage on his residence, with the result that the unpaid principal due on the mortgage increased constantly to reflect unpaid principal amounts, unpaid interest on the principal, and unpaid interest on the unpaid interest. The effect of this was to increase the principal unpaid amount of the mortgage debt to the point that when the expenses of foreclosure are added it seems highly improbable that any surplus will result from the foreclosure sale which will be recoverable by the trustee as a source of payment of her own expenses or for distribution to creditors.

On several occasions the Court pointed out to Jeffries that he was merely postponing the inevitable with respect to his client because the law clearly was against him and he would gain no benefit from the delay and would incur the expenses of Jeffries' attorney's fees as well as run the risk that the attorneys for the adversaries would request that their attorneys' fees be paid by Elbers because his tactics were purely of delay and were not based upon a meritorious defense.

Jeffries took seven appeals from interlocutory orders of this Court, most of which could not be acted upon by the District Court because the respective notices of appeal were so vague and indistinct that it was impossible to determine what issues were being raised. With respect to these appeals the Court advised Jeffries that he was wasting his client's money and asked him to report what fees he had been paid or had requested. Jeffries stated that the fees were being paid by Elbers' wife and were no concern of this Court. This is in spite of Rule 219(b) of the Rules of Bankruptcy Procedure, which provides in part as follows:

"(b) *Disclosure of Compensation Paid or Promised to Attorney for Bankrupt*

Every attorney for a bankrupt, whether or not he applies for compensation, shall file with the Court on or before the

first date set for the first meeting of creditors, or at such other time as the Court may direct, a statement setting forth the compensation paid or promised him for the services rendered or to be rendered in connection with the case, the source of the compensation so paid or promised to be paid . . ."

This Court is not aware of any benefit which Jeffries has produced for his client, Elbers. On the contrary, Jeffries has exposed Elbers to claims for attorneys fees and costs resulting from the delays which were interposed solely for the purpose of delay and which were not based upon meritorious defenses. The appeals which were taken were not based upon sound legal grounds and represented a considerable waste of time and potential expense.

IT IS ORDERED THAT Jeffries shall not be allowed attorneys fees in any amount or of any nature with respect to this proceeding and that he shall refund to Elbers or to any other source of payment any attorney's fees which heretofore he has received in this proceeding.